IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV192-01-MU

| | |
|---|---|
| DENNIS VANDYKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MACK McKELLER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint, filed June 21, 2006.

In his barely coherent and almost illegible Complaint Plaintiff alleges that his court-appointed defense counsel, Mack McKeller, has violated his constitutional rights. More specifically, Plaintiff alleges that Defendant McKeller has not represented him fairly; has failed to file various motions; has failed to obtain various medications ; has failed to help him get food in jail when he could not make it to the chow hall; and has not spent sufficient time with him. Plaintiff also asserts claims against the United States Marshals and the Federal Government. Among other things, Plaintiff alleges that the U.S. Marshals locked him up on fictitious charges and refused to allow him to attend his father's funeral. Plaintiff asserts that the Federal Government held him on fictitious charges. Plaintiff seeks his immediate release from prison and 39 million dollars in damages.

Plaintiff does not specify under what authority he is filing the instant Complaint. Because none of the defendants are even arguably state actors the Court will construe his Complaint as one

Dockets.Justia.com

pursuant to 28 U.S.C. § 1331. Federal courts have the power under 28 U.S.C. § 1331 to award damages occasioned by infringements by federal officials of constitutionally protected interests. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). In a Bivens suit a plaintiff must establish that one of his constitutional rights was violated by a federal official See id. An attorney appointed by a federal court to represent an indigent criminal defendant is not a "federal official." Cf. In Polk County v. Dodson, 454 U.S. 312 (1981)( public defenders are not "state actors" in 42 U.S.C. § 1983 context). Accordingly, Plaintiff fails to state a Bivens claim against Mack McKeller. Likewise, neither the Federal Government nor one of its agencies is a proper defendant in a Bivens suit. See Radin v. United States, 699 F.2d 681, 684 (4th Cir. 1983)(Bivens recognized action against federal officers sued in individual capacities, but not against the United States). Consequently, Plaintiff has failed to state a claim against any of the Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

Signed: June 28, 2006

Graham C. Mullen
United States District Judge